ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| KEDWIN J. RIVERA MÉNDEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00298 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: PP-63-26<br><br>Sobre: Terapias SPEA |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro, el Juez Sánchez Báez y la Jueza Lotti Rodríguez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de junio de 2026.

Compareció Kedwin J. Rivera Méndez (en adelante, "recurrente") y planteó que no se ha podido beneficiar de las terapias del Programa Aprendiendo a Vivir Sin Violencia. Sostuvo que, a pesar de cualificar para ello y de haberla solicitado en varias ocasiones por los pasados meses, la Sección de Programa de Evaluación y Asesoramiento del Departamento de Corrección y Rehabilitación ha dilatado injustificadamente la contestación a su petición.

Por los fundamentos que discutiremos a continuación, se **desestima** el recurso de epígrafe por haberse tornado académico.

**-I-**

Según surge del expediente ante nuestra consideración, el 31 de marzo de 2026, el recurrente presentó una solicitud de remedio administrativo ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, "DCR").[1]

---

[1] SUMAC-TA, entrada núm. 5, Anejo. I, págs. 4-6.

A esta solicitud se le asignó el número PP-63-26. Sostuvo que fue referido al Programa de Evaluación y Asesoramiento (en adelante, "SPEA") y que se abrió un nuevo grupo de participantes, pero que no fue incluido. Sostuvo que esa situación lo coloca en desventaja en su futuro proceso ante la Junta de Libertad Bajo Palabra ya que esas terapias son un requisito para cualificar a los beneficios de esa Junta.

El 8 de abril de 2026, se le entregó al recurrente la *Respuesta del [Á]rea Concernida/Superintendente,* fechada el día anterior y suscrita por la Evaluadora, Sra. Brendaly Saldaña Torres. Mediante la referida comunicación, se le informó al recurrente lo siguiente:

> Según surge de su expediente social, este caso fue referido el 23 de julio de 2025 a la Sección de Programa de Evaluación y Asesoramiento. El día 10 de noviembre de 2025 y 7 de abril de 2026 esta servidora le da seguimiento a dicho referido mediante correo electrónico enviado al Sr. Rubén León Guzmán (Supervisor del Programa). Se está en espera de su contestación.[2]

Inconforme con la respuesta emitida, el 28 de abril de 2026, el recurrente presentó una *Solicitud de Reconsideración* ante la Coordinadora de la División de Remedios Administrativos.[3] Sin embargo, la reconsideración fue denegada mediante *Respuesta de Reconsideración,* emitida el 30 de abril de 2026, notificada al recurrente el 5 de mayo de 2026.

Inconforme aún, el 14 de mayo de 2026, el recurrente acudió ante nos mediante el presente recurso de revisión judicial y planteó los señalamientos de error siguientes:

> Erró el DCR por conducto de la Unidad de Servicios Sociopenales al no proveerle al Recurrente las Terapias Aprendiendo A Vivir Sin Violencia de SPEA aún cuando según alegan se realizó el referido el 23 de julio de 2025.

> Erró el DCR en denegar la petición de Reconsideración ante el propio conocimiento de que las Terapias AASV son un requisito para Libertad Bajo Palabra.

> Erró el DCR al indicar que el Recurrente est[á] referido para S[PEA] desde el 23 de julio de 2026 y no ha prov[isto] evidencia de este [r]eferido.

---

[2] *Id.*, págs. 8-9.
[3] *Id.*, pág. 10.

Luego de que el recurrente presentara su *Solicitud para Declaración de Indigencia* y de que esta fuera autorizada por este Tribunal, se le ordenó al DCR mostrar causa por la cual este Tribunal no deba revocar la respuesta al remedio administrativo.[4] En cumplimiento con ello, el DCR compareció y solicitó la desestimación del recurso por academicidad. Para sustentar su contención, acompañó una certificación emitida por la Evaluadora, en la cual expresó que el Programa de Evaluación y Asesoramiento de Ponce le informó que el recurrente comenzará el Programa Aprendiendo a Vivir Sin Violencia el miércoles, 24 de junio de 2026.[5] La Coordinadora de la División de Remedios Administrativos del Complejo Correccional de Ponce emitió otra certificación similar.[6]

Examinado el expediente, estamos en posición de disponer de esta controversia.

**-II-**

**A. Academicidad**

El principio de justiciabilidad establece que los tribunales podemos evaluar los méritos de los casos si existe una controversia real y genuina entre las partes. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 738 (2022). En ese sentido, los tribunales estamos llamados a intervenir solo en casos justiciables. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017). Así pues, se considera que una controversia no es justiciable cuando:

> (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) *hechos posteriores al comienzo del pleito han tornado la controversia en académica*; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro.

*Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021) (énfasis en el original).

---

[4] SUMAC-TA, entrada núm. 4.
[5] SUMAC-TA, entrada núm. 5, Anejo. II, pág. 2.
[6] *Id.*, pág. 1.

Como se observa, la doctrina de academicidad es una de las instancias de las justiciabilidad. *Id.* Se considera que un caso es académico cuando se intenta obtener: (i) un fallo sobre una controversia disfrazada, que en realidad no existe, (ii) una determinación de un derecho antes de que éste haya sido reclamado o (iii) una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente. *Id.,* pág. 816. Igualmente, una controversia es académica cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial tornan en ficticia su solución, es decir, la controversia deja de estar viva y presente. *Id.*

Cónsono con lo anterior, la Regla 83 (B)(5) y (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 141, págs. 116-117, 216 DPR ___ (2025), confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción por tornarse académico. De esa forma, si al hacer el análisis, el tribunal concluye que la controversia es académica y no restan otros asuntos ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia. *Super Asphalt v. AFI y otro*, supra, pág. 816.

Ahora bien, existen excepciones a la doctrina de academicidad que permiten la consideración de un caso que, de otro modo, sería académico, a saber:

> (1) cuando se plantea una *cuestión recurrente* que, por su naturaleza, se hace muy difícil dilucidarla nuevamente en los tribunales; (2) cuando la situación de hechos ha sido cambiada por el demandado pero no tiene visos de permanencia; (3) cuando las controversias aparentemente son académicas, pero que en realidad no lo son por sus *consecuencias colaterales*; y (4) cuando el tribunal ha certificado un pleito de clase y la controversia se tornó académica para un miembro de la clase, mas no para el representante de la misma.

*RBR Const., S.E. v. AC,* 149 DPR 836, 846 (1999) (énfasis en el original).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

El recurrente acudió ante nos insatisfecho porque el DCR no lo ha integrado a participar de las Terapias Aprendiendo A Vivir Sin Violencia ofrecidas por SPEA. Sostuvo que fue referido a participar de ese programa desde el mes de julio de 2025 y que cumple con los criterios de elegibilidad. Aduce que su participación de esas terapias es indispensable para ser elegible a la Junta de Libertad Bajo Palabra.

Por su parte, el DCR argumenta que la controversia se tornó académica, toda vez que el recurrente comenzó el Programa Aprendiendo a Vivir Sin Violencia el miércoles, 24 de junio de 2026.

Tras examinar la totalidad del expediente del caso de autos, resulta evidente que hubo unos cambios fácticos que tornaron en académica la controversia del presente caso. Tal como fue certificado por el DCR, el recurrente comenzó las terapias solicitadas el 24 de junio de 2026.[7] Como consecuencia de haberle concedido al recurrente el único remedio solicitado en su recurso, concluimos que la controversia entre las partes dejó de estar viva y que una resolución judicial ante estos cambios fácticos sería ficticia. Por tanto, resolvemos desestimar el recurso de epígrafe en virtud de lo dispuesto en la Regla 83(B)(5) y C de nuestro Reglamento, *supra.*

**-IV-**

Por los fundamentos previamente expuestos, se **desestima** el recurso de epígrafe.

---

[7] SUMAC-TA, entrada núm. 5, Anejo. II, pág. 1-2.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones